IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GLORIA AKER, individually and as
next friend of ANDREW AKER, a minor;
and SARAH TARIN, individually,**

      Plaintiffs,

v.                                                               CIV 03-1313 JB/LAM

**UNITED STATES OF AMERICA,**

      Defendant.

## FINDINGS OF FACT AND
## RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Plaintiff's Motion for Approval of Compromise Settlement *(Doc. #10)* filed February 5, 2004. Court approval is necessary because of the presence of a minor child, Andrew Aker.[2] Having heard the presentations of counsel and having considered the report and recommendation of the Court-appointed guardian ad litem presented at a hearing on March 5, 2004, the Court finds:

### Findings

1. Gloria Aker, individually and as next friend of her son, Andrew Aker, brought a complaint for damages under the provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and

---

[1] The parties were advised of their right to file objections to this report and recommendation within ten days pursuant to 28 U.S.C. § 636(b)(1). However, in order to expedite the approval of this settlement, counsel agreed to waive objections to the Court's proposed findings and recommended disposition as per documents submitted to the Court. (Documents # 15, #16).

[2] The general rule is that the court must give approval to a settlement when minor children are involved. The court "has a special obligation to see that [children] are properly represented, not only by their own representatives, but also by the court itself." *Garcia v. Middle Rio Grande Conservancy Dist.*, 99 N.M. 802, 808, 664 P.2d 1000, 1006 (Ct. App. 1983), *overruled on other grounds by Montoya v. AKAL Sec., Inc.*, 114 N.M. 354, 357, 838 P.2d 971, 974 (1992).

2671 *et seq.,* alleging negligence by Air Force personnel. Andrew Aker was nine years old at the time of the incident. *(Complaint, Doc #1).*

2. The incident giving rise to this lawsuit occurred on July 16, 2002 at the Akers' home in Monahans, Texas. During a training mission over Monahans by an Air Force F-117A Nighthawk "Stealth" Fighter, an inert practice bomb fell out of a wing bay and struck the Aker home. The bomb penetrated the roof of the Aker home, damaging an interior wall of a bathroom and lodged in the foundation. *(Complaint, (Doc #1)*

3. As settlement for a property damage claim, the Air Force Claims Service paid Gloria Aker $12,714.40 for damages to the home. The property damage claim is not a factor with regard to Andrew Aker because he made no property damage claim.

4. The parties reached a settlement and on February 5, 2004, the Plaintiffs filed with the Court a Motion for Approval of Compromise Settlement *(Doc #10)* and an attached Stipulation for Compromise Settlement Pursuant to 28 U.S.C. § 2677. Subject to Court approval, the parties agreed to settle for a total of $75,000, with $20,000 allocated to Andrew Aker. Plaintiffs Gloria Aker and Sarah Tarin each are to receive $20,000 and Plaintiff's counsel is to receive $15,000, 20 percent of the total, in attorney's fees. Gloria Aker and Sarah Tarin will receive their portion of the settlement outright.[3] Andrew Aker's $20,000 share will be deposited in a guaranteed annuity that will be distributed to Andrew when he becomes 18. *(Doc #10).*

5. Plaintiffs argue that appointment of a guardian ad litem was unnecessary but at a telephonic hearing on February 9, 2004, the Court decided to appoint a guardian ad litem for minor Andrew Aker, as is the general practice in this district when a minor is a party to a settlement

---

[3]Court approval of the settlement amount for Sarah Tarin is not required as Ms. Tarin is an adult (over 18 years of age) and suffers no legal disability.

agreement. The Court specified that the guardian ad litem's fees were not to be paid from Andrew Aker's share of the settlement proceeds. The Court also noted that the "Stipulation for Compromise Settlement" document was signed only by counsel and not the parties in this case. *(Clerk's Minutes, Doc #11).*

6. David McNeill, Jr., Esq. of Holt, Babington, P.C. was appointed guardian ad litem as an "arm of the court" for Andrew Aker. *(Doc #12).*

7. Mr. McNeill, Jr. conducted extensive work on this case, including a review of the pleadings, correspondence between the parties, medical reports, repair estimates and repair bills and an El Paso Times newspaper article reporting the incident. He spoke with counsel for the Plaintiffs, counsel for the Defendant and counsel for the Department of Justice. Mr. McNeill also interviewed the Plaintiffs. The facts are undisputed and as recited above. *(Letter from guardian ad litem David McNeill filed with the Court March 2, 2004, hereinafter "McNeill Letter").*

8. On March 5, 2004, the Court held a second hearing on the Plaintiffs' Motion for Approval of Compromise Settlement. Counsel for Defendant appeared telephonically and guardian ad litem David McNeill, Jr., Plaintiff's counsel Mike Milligan, and Plaintiffs Gloria Aker, Sarah Tarin, Andrew Aker attended in person. *(Clerk's Minutes, Doc #14)* Mr. McNeill verbally supplemented his report to the Court regarding a post-report interview with the Plaintiffs.

9. From his investigation, Mr. McNeill reported the following to the Court. At the time the bomb struck the Aker home, Gloria Aker and her daughter Sarah Tarin were in a living room near the impacted bathroom while Andrew was in a bedroom immediately adjacent to the bathroom. None of the three residents suffered physical injury in the incident, however, all have claimed and been diagnosed with Post Traumatic Stress Disorder ("PTSD"). *(McNeill Letter).*

10. Medical records confirm symptoms including sleeplessness, fear of entering the home, nightmares and decreased appetite. Andrew and Sarah both experienced a drop in their school grades, with Andrew's slipping from A's and B's to D's and F's. Both Andrew and Sarah became hyper-vigilant and jumpy. *(McNeill Letter).*

11. Andrew's distress also produced physical symptoms. On July 24, 2002 Andrew was treated for anxiety and gastroenteritis by a Physician's Assistant at Family Medical Center of Monahans. From March 11, 2003 until May 22, 2003, Andrew was under the care of Dr. Ravi Medi, a psychiatrist.[4] Dr. Medi diagnosed Andrew with moderate PTSD and anxiety disorder and also noted Andrew had stomach problems. The medical reports attribute these conditions to the bombing incident. *(McNeill Letter).*

12. Andrew was not physically injured in the incident and his medical care was not extensive or intense. The estimated medical costs were approximately $500 and were paid for by his mother, Gloria Aker. Ms. Aker is not seeking reimbursement for the medical expenses from Andrew's share of the settlement. *(McNeill Letter).*

13. Mr. McNeill states that, in his opinion, the settlement with Andrew is fair, reasonable and in Andrew's best interest. Mr. McNeill believes there is not a substantial chance of fairing better at trial, in fact there is a substantial risk that Andrew would not do as well in that forum.[5] Mr. McNeill approves the placing of Andrew's money in a guaranteed annuity, although he expressed some concern about the possibility Andrew may not have the maturity and experience to handle the lump sum payment at age 18. However, Mr. McNeill noted that absent any evidence of Andrew's

---

[4] Andrew Aker saw Dr. Medi four times, on March 11, March 25, April 15, and May 22 in 2003. Dr. Medi prescribed Tenex to calm Andrew's anxiety.

[5] Based on the Government's argument that Texas law is the law applicable in this case as that was the location of the incident. And Texas law would not allow psychological damages without accompanying physical injury.

incompetence, there is no basis for interfering with the distribution of funds as agreed upon between the parties.  Therefore, after consideration of all the relevant factors, Mr. McNeill recommended that the Court approve the settlement as being in the best interests of Andrew Aker.  *(McNeill Letter).*

13.  To address the concerns of the Court, the parties revised the Stipulation for Compromise Settlement Pursuant to 28 U.S.C. §2677 and included the provision that the guardian ad litem would be paid from the settlement share of Gloria Aker and Sarah Tarin.  The revised document was signed by Plaintiffs Gloria Aker and Sarah Tarin as well as counsel for the parties.

### Conclusions of Law

After consideration of the evidence, the presentations of counsel, and the guardian ad litem's report and recommendation, the undersigned Magistrate Judge concludes that the Court has jurisdiction over the parties and subject matter, and further concludes that this settlement is in the best interests of the minor child, Andrew Aker.  Therefore the Court recommends that Plaintiff's Motion for Approval of Compromise Settlement be **GRANTED**, the settlement be **APPROVED** and that this case be **dismissed with prejudice.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**